

FILED'10 DEC 06 11·02USDC-ORP

**BRADY LAW, CHARTERED**
**Michael G. Brady, OSB #040345,**
**Glenda M. Talbutt, OSB #072677**
**St. Mary's Crossing**
**2537 W. State Street, Suite 200**
**Boise, ID 83702**

**TELEPHONE:  (208) 345-8400**
**FACSIMILE:  (208) 322-4486**

Attorneys for Plaintiff Nicholas Rinne

---

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON
### PENDLETON DIVISION

---

| | |
|---|---|
| NICHOLAS RINNE,<br><br>               Plaintiff,<br><br>    v.<br><br>ALLIED INTERSTATE, INC., and JOHN DOES I – XX;<br><br>           Defendants. | Case No. CV '10 - 1485    'SU<br><br>**COMPLAINT**<br>**VIOLATIONS OF THE FAIR DEBT**<br>**COLLECTIONS PRACTICES ACT 15**<br>**USC § 1692 et seq.**<br><br>**DEMAND FOR JURY TRIAL** |

## I.    PARTIES

1.    Plaintiff Nicholas Rinne ("Plaintiff") is a natural person who resides in the City of Ontario, County of Malhuer, State of Oregon, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

**COMPLAINT AND DEMAND FOR JURY TRIAL - Page 1**
0874.0001

ORIGINAL

2.      Defendant Allied Interstate, Inc. ("Defendant Allied") is a collection agency operating from an address of   3000 Corporate Exchange Dr, 6th Floor, Columbus, OH 43231 and PO Box 361533, Columbus Ohio 43236-1533 and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

3.      Defendants John Does I-XX, were natural persons who were employed at all times relevant herein by Defendant Allied as a collection agent, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## II.      JURISDICTION & VENUE

4.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

5.      This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"); the invasions of Plaintiff's personal and financial privacy by Defendants in their illegal efforts to collect a consumer debt from Plaintiff; and out of the Defendants' infliction of emotional distress upon Plaintiff in their illegal attempt to collect a consumer debt from Plaintiff.

6.      Venue is proper in this District because the acts and transactions occurred in Oregon, Plaintiff resides in Oregon, and Defendants transact business as debt collectors registered with the Oregon Division of Finance and Corporate Securities.

## III.      FACTUAL ALLEGATIONS

7.      On or before June 2009, Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a GE Money Bank Pay Pal Account, in the approximate

amount of $300.00-400.00 which was used by Plaintiff for personal, family and household purchases.

8.     Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

9.     Plaintiff Rinne is a disabled adult, who suffers from Autism and lived in a group home located at 775 North Park Blvd., Ontario, Oregon at all times relevant to this lawsuit.

10.     DeLoris Teves is a house attendant at the group home where Rinne resides and is a native of the Philippines.

11.     Sometime on or around the beginning of June 2010, Defendant Allied, via Defendants John Doe I-XX began attempting to collect on the Pay Pal debt by telephone.

12.     During this time period, Defendant Allied, via Defendants Doe I-XX, attempted to collect the alleged debt from Plaintiff Rinne by calling the telephone number of Rinne's group home.

13.     During this time period, Defendant Allied, via Defendants Doe I-XX, would call the group home to collect the debt several times per day, up to six days per week.

14.     During the course of one collection call from Defendant Allied, Plaintiff inquired regarding the location of the collection call center, and the collector confirmed the call center location was somewhere in the Philippines.

15.     During this time period, Defendant Allied, via Defendants Doe I-XX, would speak to third parties, as that term is defined by 15 USC § 1692c(2)(b), in connection to collect the alleged debt and without Plaintiff's permission, in violation of 15 USC § 1692c(2)(b).

16.    During this time period, Defendant Allied, via Defendants Doe I-XX, would speak to third parties, namely other residents of the group home where Plaintiff Rinne resides, in connection to collect the alleged debt, in violation of 15 USC § 1692c(2)(b).

17.    During this time period, Defendant Allied, via Defendants Doe I-XX, would speak to third parties, namely DeLoris Teves, often in a language/dialect native to the Philippines, in connection to collect the alleged debt, in violation of 15 USC § 1692c(2)(b).

18.    During this time period, Defendant Allied, via Defendants Doe I-XX, would speak to third parties, namely Carlito Teves, often in a language/dialect native to the Philippines, in connection to collect the alleged debt, in violation of 15 USC § 1692c(2)(b).

19.    The above-described collection communications made to Plaintiff by the Defendants were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c, 1692c(b), 1692d, 1692d(5), and 1692f, amongst others.

20.    During their collection communications, Defendants violated numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 15 U.S.C. §§ 1692c, 1692c(b), 1692d, 1692d(5), and 1692f, amongst others.

21.    The above-detailed conduct by these Defendants of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, which resulted in actual damages to Plaintiff.

22.    Defendants' illegal and harassing collection communication described above was the direct and proximate cause of severe emotional distress on the part of the Plaintiff.

23.    Plaintiff has suffered actual damages as a result of this illegal collection communication by these Defendants in the form of anger, anxiety, emotional distress, frustration, upset, humiliation, embarrassment, amongst other negative emotions.

### *Respondeat Superior Liability*

24.    The acts and omissions of Defendants Doe, who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Allied.

25.    The acts and omissions by Defendants Doe were incidental to, or of the same general nature as, the responsibilities Defendants Doe were authorized and encouraged to perform by Defendant Allied in collecting consumer debts.

26.    By committing these acts and omissions against Plaintiff, Defendant Does were motivated to benefit their principal, Defendant Allied.

27.    Defendant Allied is therefore liable to Plaintiff through the Doctrine of *Respondeat Superior* for the intentional and negligent acts, errors, and omissions done in violation of federal and state law by Defendant Allied's collection employees, including but not limited to violations of the FDCPA and Oregon law, in their attempts to collect this alleged debt from Plaintiff.

## CAUSES OF ACTION

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

28.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**COMPLAINT AND DEMAND FOR JURY TRIAL - Page 5**
0874.0001

29.    The foregoing acts and omissions of each and every Defendant and/or agents thereof constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to the Plaintiff.

30.    As a result of each and every Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

## VIOLATIONS OF THE OREGON FAIR DEBT COLLECTION PRACTICES ACT

### ORS 646.639 et seq.

31.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32.    The foregoing acts and omissions of each and every Defendant and/or agents thereof constitute numerous and multiple violations of the Oregon Fair Debt Collections Practices Act ("OFDCPA") including, but not limited to, ORS 646.639.2.e , with respect to the Plaintiff.

33.    As a result of each and every Defendants' violation of the OFDCPA, Plaintiff is entitled to actual damages or statutory damages in the amount of $200.00 pursuant, whichever is greater, pursuant to ORS 646.641.1; and punitive and equitable relief as the Court deems necessary pursuant to ORS 646.641.1; and an award of reasonable attorney fees, pursuant to ORS 646.641.2, from each and every Defendant herein.

**COMPLAINT AND DEMAND FOR JURY TRIAL - Page 6**
0874.0001

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### U.S.C. § 1692 et seq.

1. For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;

2. For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant;

3. For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant;

4. For such other and further relief as may be just and proper

### VIOLATIONS OF THE OREGON FAIR DEBT COLLECTION PRACTICES ACT

### ORS 646.639 et seq.

1. For an award of actual damages pursuant to ORS 646.641.1 against each and every Defendant;

2. For an award of statutory damages of $200.00 pursuant to ORS 646.641.1 against each and every Defendant;

3. For an award of costs of litigation and reasonable attorney's fees pursuant to ORS 646.641.2 against each and every Defendant;

4. For such other and further relief as may be just and proper, including equitable relief and punitive damages pursuant to ORS 646.641.1.

## DEMAND FOR JURY TRIAL

1. Plaintiff hereby demands a trial by jury on all issues pursuant to Fed.R.Civ.P. 38.

DATED this 30 day of November, 2010.

BRADY LAW, CHARTERED

*Glenda M. Talbutt*

By:   Glenda M. Talbutt,
       Attorneys for Plaintiff Nicholas Rinne

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF Oregon          )
                         ) ss
COUNTY OF Malheur        )

Plaintiff Nicolas Rinne, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Nicolas Rinne

Subscribed and sworn to before me this 4 day of November, 2010.

Notary Public
Commission Expires: May 16, 2014

OFFICIAL SEAL
JANEAN M ERLEBACH
NOTARY PUBLIC-OREGON
COMMISSION NO. 447618
MY COMMISSION EXPIRES MAY 16, 2014

**COMPLAINT AND DEMAND FOR JURY TRIAL - Page 9**
0874.0001